### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:23-cr-08132-JJT |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | May 20, 2024 |
| Donald Day, Jr., | ) | 11:25 a.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE JOHN J. TUCHI, JUDGE**

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

### (Status Conference)

Official Court Reporter:
Scott M. Coniam, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 43
Phoenix, Arizona 85003-2151
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

APPEARANCES

For the United States of America:

    U.S. Attorney's Office
    By:  Abbie B. Marsh, Esq.
         David A. Pimsner, Esq.
    2 Renaissance Square
    40 N. Central Ave., Ste. 1800
    Phoenix, Arizona 85004

For the Defendant Donald Day, Jr.:

    Federal Public Defender
    By:  Mark Rumold, Esq.
    850 W. Adams, Suite 201
    Phoenix, Arizona 85007

1              P R O C E E D I N G S

2          (Proceedings convened at 11:25 a.m.)

3          THE COURTROOM DEPUTY:  This is Criminal Case 23-8132,

4    United States of America vs. Donald Day, Jr., on for status

5    conference.

6          Counsel, please announce.

7          MS. MARSH:  Good morning, Your Honor.  Abbie Marsh and

8    Dave Pimsner for the United States.

9          THE COURT:  Good morning to both of you.

10         MR. PIMSNER:  Good morning.

11         MR. RUMOLD:  Good morning, Your Honor.  Mark Rumold on

12   behalf of Mr. Day.  Mr. Day is not present today.  He would

13   waive his presence.

14         THE COURT:  All right.  Good morning, Mr. Rumold.

15   Thank you.

16         Counsel, I set the hearing today on our ordinary

17   status day but with the understanding that we're going to go

18   ahead and tee up a firm trial date in this matter and I wanted

19   to do it sooner rather than later because Mr. Day wants a

20   Prescott jury pool and so the logistics of prequalifying a jury

21   for availability to get them down here adds a little time on

22   the front end with the jury administrator.

23         By indicating that we'll set this for a firm trial

24   date now, I'm saying that only because we have one charge among

25   the five that is not at this point challenged, and so we know

1    that that will go forward no matter what.

2            I will tell you that the first motion to dismiss that

3    you filed, Mr. Rumold, dealing with the two original threat

4    claims, I will have resolved and will publish the order on that

5    within the next day or two.

6            With regard to the motion to -- the second motion to

7    dismiss filed dealing with the firearms charges, the prohibited

8    possessor felon in possession, and altered weapon -- or unusual

9    weapon, we'll call it, that may take a little longer to resolve

10   because -- as counsel for the government was here for the last

11   hearing -- I just had a hearing dealing with the ramifications

12   of Duarte on the charges here.  And because I know we're moving

13   forward in this matter no matter what with at least Count 5,

14   the threat against the FBI agents, the specific ones who were

15   present at the search and the arrest, there's a little bit more

16   breathing room, although I don't want to leave anything for too

17   long, but it's in a posture that I will be able to be informed,

18   hopefully by the Supreme Court's decision in Rahimi, if it has

19   enough breadth, and what the -- whether the Ninth Circuit

20   elects to take Duarte en banc or not.  And if things shade out

21   or play out in those two matters where I still need to make the

22   decision, I will, and I will be prepared to do it immediately

23   after we have some notion that that is necessary or it's not,

24   but that will be a little bit slower is the bottom line.

25            In any event, we'll set this matter for trial and all

1   of these pieces will be in place well in advance so that the

2   parties can adequately prepare.

3           So in light of the need for some time for the

4   logistics to get an availability-qualified jury pool from the

5   Prescott division down here, the first available slot that I

6   have is effectively the last two weeks of August.  So we would

7   have Tuesday through Friday, August 20 through 23, and then the

8   following week, August 27 through 29.

9           Am I reading your handwriting correctly, Julie,

10  Tuesday through Thursday?

11          I need to know whether the parties have availability

12  to go then.

13          Ms. Marsh or Mr. Pimsner, who will be speaking for the

14  government?

15          MS. MARSH:  I'll speak, Your Honor.

16          Let us check our calendars for that availability.

17          Although, I would note that that's only five days that

18  the court has noted, right, if I'm counting correctly.

19          THE COURT:  No.  Four the first week; three the second

20  week.

21          MS. MARSH:  Four the first week.  Sorry.  Okay.

22          THE COURT:  All right.  And Mr. Rumold?

23          MR. RUMOLD:  Your Honor, I can -- at this point, I

24  don't think those dates will work.  As the court knows, I have

25  a trial before this court --

1          THE COURT:  With me.

2          MR. RUMOLD:  -- beginning of August.  I have another

3     one beginning of September and sandwiching a trial in between,

4     I think would -- would push me to my limit, so I don't think

5     those dates will work.

6          THE COURT:  Understood.

7          Let me then try this set of dates.  Mr. Rumold, I'll

8     start with you on this one.  I've got four days the week of

9     October 8 through 11, so that would be Tuesday through Friday.

10    And then the following week, again, Tuesday through Thursday,

11    the 15th to the 17th.  Does that work for you?

12         MR. RUMOLD:  Your Honor, that would work for me.

13         I know that my -- the paralegal who's on this case is

14    unavailable that day.

15         And I -- we discussed a little bit with the government

16    ahead of time.  If the court is available at the end of

17    October, I know those dates will work for us and the

18    government.

19         THE COURT:  Drill down a little bit more.  Where at

20    the end of October, so --

21         MR. RUMOLD:  The 22nd.  Starting on the 22nd.

22         THE COURTROOM DEPUTY:  You can go October 22nd to the

23    25th, Tuesday through Friday.  29th through the 31st, Tuesday

24    to Thursday.

25         THE COURT:  All right.  So, Mr. Rumold, what you are

1   telling me, then, is if we were to set this trial -- hold on.

2          Mr. Rumold, I do have one day that week that I'm out

3   of pocket, but we could just flip-flop, so it would be a three

4   day trial week followed by a four day trial week.

5          Would it work if we were to do October 22, 23, and 25,

6   so that's Tuesday, Wednesday, and Friday, and then the

7   following week, 29 through October 31, Tuesday through Friday?

8          MR. RUMOLD:  That works for the defense.

9          THE COURT:  Ms. Marsh, does that work for the

10  government?

11         MS. MARSH:  It does, Your Honor.

12         THE COURT:  Let's take those dates then.  They will be

13  firm.

14         The turnaround on the juror availability questionnaire

15  issue is that our administrator needs at least two months.  And

16  I need to have those back a week in advance of the final

17  pretrial because, of course, one of the things we'll do at the

18  final pretrial conference, then, is to sit and identify

19  hardships so that everybody we bring down here has essentially

20  been prequalified.  And they may have issues for cause, for

21  sure, but the hardship folks won't come down so that we've got

22  a viable pool and we're not looking at, you know, half the

23  folks walking out immediately.

24         So, Julie, when --

25         THE COURTROOM DEPUTY:  How soon before the trial date

```
 1    do you want the final pretrial conference?  And we might be
 2    limited.
 3              THE COURT:  We might be limited by Mr. Rumold's trial
 4    schedule.
 5              THE COURTROOM DEPUTY:  Well, you've got a civil -- is
 6    the week of September 17th too soon?  Almost a month early.
 7              THE COURT:  Yeah.  So closer to what we do in the
 8    civil cases then.  September 17, does that --
 9              THE COURTROOM DEPUTY:  But that week is good.  It
10    would not be on that day, but that week.
11              THE COURT:  Yeah.
12              Does anybody have any availability issues during the
13    week of September 17?  We'll try and find a time.
14              MR. RUMOLD:  Your Honor, that's the second week of my
15    September trial.
16              MR. PIMSNER:  I was out of the district that week.
17              THE COURT:  All right.  So we'll -- so we can't do it
18    the week before either, right, Mr. Rumold?
19              MR. RUMOLD:  Correct.
20              THE COURT:  What about the week after?  Because I
21    think we need about an hour and 45 minutes.
22              THE COURTROOM DEPUTY:  We're in trial, but I could
23    go -- it would be right before the trial, the week of the 30th
24    except for the 1st.
25              THE COURT:  September 30th?
```

1           THE COURTROOM DEPUTY:  Yeah.  No.  October -- well,

2     yeah, September 30, yeah.

3           So we can't do Monday or Tuesday.  So is anybody

4     available the 2nd, 3rd, or 4th of October?

5           THE COURT:  October 2, 3, or 4, does anybody have any

6     unavailability issues?

7           MS. MARSH:  None from the government.

8           MR. RUMOLD:  No.

9           THE COURT:  We can pick a day in there.

10          THE COURTROOM DEPUTY:  Wednesday, October 2nd at

11     9 a.m.

12          THE COURT:  Counsel, I don't think it will take the

13     entire morning, but count on two hours because we'll be doing a

14     fair amount of lifting.

15          So that means that the juror availability

16     questionnaire thumb drives will be available to you sometime

17     the week before that.

18          And if Ms. Tait needs two months to get questionnaires

19     out, filled out, returned, and then processed here, that means

20     we're looking at the end of July for them to go out, close to

21     the end of July.  I would still like your proposed questions

22     by -- hang on.

23          Julie, what's the first Monday in June?

24          THE COURTROOM DEPUTY:  In June?

25          THE COURT:  Yeah.

1          THE COURTROOM DEPUTY:  The 3rd.

2          THE COURT:  By the 17th of June.

3          And, Counsel, I don't think I've done this with any of

4  you before, so just a thumbnail.  The questions that I send on

5  the juror availability questionnaire all tend to go towards

6  issues of availability based on the length and the geography of

7  the trial and the schedule, but as long as we're doing that --

8  some time ago it occurred to me that I ought to offer the

9  attorneys the opportunity to essentially ask in advance some of

10 the voir dire questions in a way that I think is to your

11 advantage because not only do you get the answers but you get

12 them in writing ahead of time and you can plan follow-up, which

13 I will allow you to do after the court has asked the bulk of

14 the questions on the actual first day of trial at voir dire.

15 And so the best way that I found for us to incorporate those is

16 as follows:  By the 17th, I would like one document from the

17 parties after a meet and confer -- and somebody's going to be

18 the master of the document -- and that document will have three

19 divisions.  The first division will be those questions that, as

20 a result of the meet and confer, all parties agree to.

21          The second tranche will be those questions offered by

22 the government to which the defendant objects, and then a brief

23 objection.  You can just cite the rule, if you want to.  I

24 don't need more than that.

25          And then the third tranche will be those questions

1   offered by the defendant to which the government objects with

2   those same objections.  And then I will rule and put the final

3   package together to include.

4           Now, my rule for the questions is the same as the rule

5   that I'll apply during the physical face-to-face voir dire,

6   which is you can use your time and, therefore, you can use your

7   questions however you want as long as you avoid the following:

8   Questions that tend to either argue or attempt to educate the

9   jury pool as to somebody's theory of claim or defense.  If it's

10  not those things, it's fair game.

11          The only other qualifier I will offer is that if the

12  question that you offer is already embraced by one of the

13  standard questions that the court has been using, I'll at least

14  evaluate yours because, you know, I'm not proud, if somebody

15  can say something better than I've been saying it, we'll go

16  with that, but I won't duplicate is the bottom line.  And so

17  that will all be included.

18          So everybody sort of has the batting order now, June

19  17th.  I need those joint submissions sometime shortly after

20  that.  I will hone them and submit them to the jury

21  administrator.

22          The week before our October 2nd final pretrial

23  conference, you'll get notification from Ms. Martinez that your

24  thumb drives are ready to be picked up over here at court.  And

25  they're password protected.  And then you can hang on to those

1    through jury selection and then we'll need them back.

2          All right.  Julie, anything else that you need me to

3    cover today?

4          The other deliverables, yes.

5          So I like to have all of your deliverables a week

6    before the final pretrial conference because my objective is

7    for you to walk out of the FPTC knowing as well as possible and

8    with as much certainty as possible what you can and cannot

9    expect to present.  And so, yes, that includes, of course,

10   proposed jury instructions, proposed voir dire for day of,

11   joint proposed pretrial order.  Trial memoranda, if you like.

12   They're optional.  I enjoy reading them because well-done trial

13   memoranda give me an idea of those evidentiary calls that I may

14   need to look out for in the moment.

15         And then the last category, of course, is the motions

16   in limine.  And those should be reserved for the issues that

17   the jury just cannot hear about because we can't unring the

18   bell.  And so if you got an issue there that might prejudice

19   the jury, file the motion in limine.  My rule is you're limited

20   to four pages per motion and four pages per response.  If the

21   motions in limine are due one week before the final pretrial,

22   so that would be September 25th, then the responses are due

23   September 27.  And I will rule on those motions no later than

24   the final pretrial conference.  And so that's sort of the point

25   of shaping the trial for you so that you have those last --

1    well, in this case, almost a month to do your prep knowing what
2    to expect from me on those points.
3            All right.  Julie, anything else from --
4            THE COURTROOM DEPUTY:  No.
5            THE COURT:  Not at this point.
6            THE COURTROOM DEPUTY:  Does Mr. Rumold want to waive
7    his client's presence or want him here?
8            THE COURT:  Mr. Rumold, we just need to know ahead of
9    time because of the transport issue, do you want to have him
10   here for that or not?
11           MR. RUMOLD:  Your Honor, if I could speak with him and
12   file a notice to the court.  That's a sufficiently important
13   hearing that I'd like to discuss it with him.
14           THE COURT:  Understood.
15           MS. MARSH:  We would like to include -- maybe it's --
16   well, probably it's not in your typical scheduling order, but I
17   think we need a Frye-Cooper hearing, which we would need the
18   defendant present for.
19           And then I assume that the pretrial motions deadline
20   will be in the new order, that we'll have not just the motions
21   in limine deadline but an additional pretrial motions deadline,
22   or should we just focus on the motions in limine?
23           THE COURTROOM DEPUTY:  I'll send out an order --
24           THE COURT:  Yes.
25           THE COURTROOM DEPUTY:  -- spelling everything out.

```
 1              THE COURT:  It will be there.

 2              With regard to the Frye-Cooper issue, what I'd like

 3    you to do is consult with Mr. Rumold because there are all

 4    kinds of reasons I can imagine a defense attorney wanting to

 5    have that separate or not.  And so if you could put your heads

 6    together and let me know what the parties' pleasure is on that

 7    point, the court will facilitate it either way.  Okay?

 8              MS. MARSH:  Certainly.

 9              And then my other -- I have two other requests or

10    clarifications.  Will there be an expert notices deadline?

11    Just because under the new rule, I think it's 45 days before

12    trial, but I just didn't know if we wanted to get it into the

13    scheduling order as well.

14              THE COURT:  I have not imposed one, right?  That's why

15    you are asking?

16              MS. MARSH:  Right.

17              THE COURT:  Okay.

18              MS. MARSH:  We're working on them, but I just wondered

19    when they're due.

20              THE COURT:  This is what I would like you to do.  When

21    counsel speak about the issue of Frye and Cooper, if you can

22    also propose to me what the parties agree would be an optimal

23    briefing schedule to include expert notification and anything

24    else germane that's outstanding.  Okay?

25              MS. MARSH:  Okay.  Certainly.  Thank you.
```

1          And then does the court want a response from the

2    government on the Duarte supplemental notice that defense

3    counsel filed or should we wait -- I mean, given your earlier

4    discussion of -- I mean, knowing that there is outstanding

5    appellate work going on on these issues, would you like us to

6    respond to the supplemental notice regarding Duarte or wait?

7          THE COURT:  I guess my general sense is to wait on

8    that, Ms. Marsh, because I feel like in this case, because we

9    don't have a release issue, that's one of the reasons why I

10   feel like I have the luxury to wait for some amount of time to

11   see what the pieces from the higher courts fall into place on,

12   but I feel like the issue of -- as applied is pretty well

13   briefed by the parties now.  And I understand that, as

14   Mr. Allison argued earlier today, now that Duarte has

15   potentially, potentially put a finer point on that, although

16   it's not entirely clear to me how clear the lines are for

17   Duarte in terms of what kinds of felonies or if there's any

18   distinction among any felonies.  So let's let that sit because

19   that's a small piece in the calculus.  All right.

20         MS. MARSH:  Understood.

21         THE COURT:  If I need briefing, I will let the parties

22   know and give you enough time to do that.  All right.

23         MS. MARSH:  Thank you.

24         THE COURT:  Mr. Rumold?

25         MR. RUMOLD:  Your Honor, the court mentioned there was

16

1    an issue with release.  I did just want to make clear that

2    Mr. Day is in pretrial detention, so if that was a reference to

3    him being in custody, Mr. Day is in custody.  I would welcome

4    the court reevaluating that but --

5            THE COURT:  Understood.  But I guess the distinction I

6    make -- and, yeah, I said that -- yes, not yeah.  I said that

7    conscious of the circumstance.  The difference to me was not

8    that I thought he was out of custody.  The difference to me is

9    that we have the other charges, including the one uncontested,

10   which I think represent a danger in the calculus of Judge

11   Bibles and I think she has revisited now the issue that you

12   raised about health.

13           MR. RUMOLD:  She did.  She issued an order about his

14   health, yes.

15           THE COURT:  Okay.  All right.  Very good.  Thank you,

16   sir.

17           Does anybody have anything else for me today?

18           MS. MARSH:  I do want to clarify that -- I guess just

19   ask if time is excluded based on the schedule we've made?  And

20   I know that there are still pending motions --

21           THE COURT:  Well --

22           MS. MARSH:  -- time is tolling, but I just want to be

23   cognizant of --

24           THE COURT:  That's the trump card right now is time is

25   excluded as long as the motions to dismiss are pending.  And as

1    I think I indicated earlier in the hearing, one of them will be

2    resolved either tomorrow or the day after, but we're still

3    going to be on the 3161(h) clock because of the other motion.

4            MS. MARSH:  Understood.  I just wanted to make sure

5    that we were all on the same page on that.

6            THE COURT:  Obviously, when that runs out, when I have

7    entered an order on both of them, we're not excluding time

8    anymore and it's running and everybody's going to have to be

9    conscious of that, but yes.

10           MS. MARSH:  Thank you, Judge.

11           THE COURT:  All right.  All right.  Counsel, thank

12   you.  Pleasure to see you.  And I look forward to watching you

13   work on this matter.

14           (Proceedings adjourned at 11:46 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1                        **C E R T I F I C A T E**

2

3          I, SCOTT M. CONIAM, do herby certify that I am duly

4     appointed and qualified to act as Official Court Reporter for

5     the United State District Court.

6          I FURTHER CERTIFY that the foregoing pages constitute

7     a full, true, and accurate transcript of all of that portion of

8     the proceedings contained herein, had in the above-entitled

9     cause on the date specified therein, and that said transcript

10    was prepared under my direction and control.

11          DATED this 7th day of June 2024.

12

13

                 s/Scott M. Coniam_____
14                 SCOTT M. CONIAM, RDR, CRR

15

16

17

18

19

20

21

22

23

24

25