JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK RUMOLD
CA Bar #279060
Asst. Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      vs.<br><br>Donald Day, Jr.,<br><br>             Defendant | Case No. CR-23-8132-PCT-JJT<br><br>**OPPOSITION TO GOVERNMENT'S MOTION TO TAKE FINGERPRINTS** |

The government seeks an order compelling Mr. Day to provide fingerprint samples—evidence that the government already has and that it believes will incriminate him further. Mr. Day declines to assist the government with its prosecution. He respectfully urges the Court to decline the government's request to compel it.

The government seeks additional fingerprint samples from Mr. Day to aid its prosecution of a single charge against him: for allegedly being a felon in possession of a firearm or ammunition. The government asserts that a latent fingerprint was recovered on a receipt for ammunition; and another latent palm print was discovered on the side of a box of ammunition. Both the receipt and the box were seized in a search of Mr. Day's home. The government already took "major case prints" from Mr. Day during booking; yet the government now seeks additional fingerprint evidence from Mr. Day to further its investigation.

Two reasons counsel in favor of denying the government's motion:

*First*, the government's motion is premature. The government seeks Mr. Day's fingerprint evidence only to further its prosecution for allegedly violating 18 U.S.C. § 922(g)—the felon in possession statute. Mr. Day has a pending motion to dismiss the charge. *See* Motion to Dismiss (Dkt 41). And, as the Court is aware, the law surrounding the charge is in considerable flux. A panel of the Ninth Circuit recently declared the statute unconstitutional as-applied to an individual with multiple prior felony convictions; that decision is presently pending rehearing en banc. *See United States v. Duarte*, No. 22-50048 (9th Cir. 2024).

Trial in this matter was continued to allow the Ninth Circuit time to provide additional guidance on the constitutionality of § 922(g). *See* Order (Doc 86). Because of the present uncertainty surrounding the constitutionality of the charge—and because the government only seeks evidence to support its prosecution on this count—the Court should decline to order Mr. Day to submit to fingerprinting until more clarity exists surrounding the constitutionality of the charge, as-applied to Mr. Day.

*Second*, the order the government seeks here—compelling Mr. Day to provide additional evidence to aid in his own prosecution—is more constitutionally suspect than the government lets on. An order forcing Mr. Day to submit to warrantless fingerprinting raises Fourth Amendment concerns, especially where the compulsion is sought to support an investigation for a charge of uncertain constitutionality. *See Wyoming v. Houghton*, 526 U.S. 295, 300 (1999) (noting reasonableness measured by legitimacy of the government's interest). Further, although courts have recognized that routine fingerprinting for booking purposes is outside the scope of the Fifth Amendment's protections, additional compelled fingerprinting—solely to assist the government's investigation—may raise

separate Fifth Amendment concerns. *See, e.g., United States v. Payne*, 99 F.4th 495, 513 (9th Cir. 2024) (upholding compelled use of thumb to unlock phone but noting that "Fifth Amendment questions like this one are highly fact dependent and the line between what is testimonial and what is not is particularly fine"). The Fifth Amendment's touchstone is that the government be required to "shoulder the entire load." *Schmerber v. California*, 384 U.S. 757, 762 (1966). The government should be required to shoulder that load here—and conduct the investigation with the evidence it already has.

\*   \*   \*

For these reasons, the Court should deny the government's motion to compel additional fingerprinting.

Respectfully submitted:   September 3, 2024.

JON M. SANDS
Federal Public Defender

*s/Mark Rumold*
MARK RUMOLD
Asst. Federal Public Defender