JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007

MARK RUMOLD
California Bar # 279060
JAMI JOHNSON
New York Bar #04823373
Assistant Federal Public Defenders
mark.rumold@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-08132-PCT-JJT |
|---|---|
| Plaintiff, | |
| vs. | **MOTION IN LIMINE RE ALLEGATIONS OF DOMESTIC OR EMOTIONAL ABUSE** |
| Donald Day, Jr., | |
| Defendant. | |

Donald Day, Jr., by and through counsel, hereby moves for the government to be precluded from introducing any evidence of any alleged acts of emotional or domestic abuse in the relationship between Mr. Day and Sabrina Spires—Mr. Day's former partner and one of the government's expected witnesses.

**I.    BACKGROUND**

Mr. Day presently faces four charges—two are threat charges, and two are firearm related charges. He has entered pleas of not guilty to all charges.

The Defense expects the Government will call Mr. Day's former partner as a witness at trial. Since Mr. Day's incarceration, Ms. Spires has alleged that Mr. Day threatened her and was otherwise emotionally abusive and controlling during their relationship. Ms. Spires has not alleged that Mr. Day was physically abusive.

1

In August 2024, Ms. Spires sought and received an order of protection against Mr. Day.

No evidence exists of the threats alleged by Ms. Spires. In fact, the Government is in possession of hours of recorded calls and a substantial volume of letters between Mr. Day and Ms. Spires—including a call where Ms. Spires ends her relationship with Mr. Day. None of those communications contain a threat.

Nevertheless, the Defense expects the government may seek to introduce details—primarily from Ms. Spires, but perhaps other witnesses—concerning the nature of the relationship between Mr. Day and Ms. Spires and the alleged threats and emotional abuse.

## II.    ARGUMENT

Details concerning the relationship between Mr. Day and Ms. Spires, including allegations of emotional and domestic abuse and threats, should be excluded from the trial for four reasons: (1) the allegations are irrelevant; (2) they would function as impermissible propensity evidence, and the government has not sought to admit them under Rule 404(b); (3) the allegations are not "inextricably intertwined" evidence; and (4) they are far more prejudicial than probative and are likely to confuse the issues in dispute further. The government should be precluded from introducing this evidence.

*First*, the evidence is irrelevant because it has no direct bearing on the charges—namely, whether Mr. Day threatened law enforcement around the globe, possessed an unregistered short barreled shotgun, or threatened FBI agents when he was arrested. Evidence is relevant only if it goes to a fact "of consequence to the determination of the action." FRE 401. The nature of the domestic relationship between Mr. Day and Ms. Spires has no bearing on whether Mr. Day threatened law enforcement or possessed an unregistered shotgun.

*Second*, allowing the government to introduce Ms. Spires's allegations

2

would only further a propensity theory of guilt: *i.e.*, because Mr. Day allegedly threatened Ms. Spires, it is more likely that he also threatened law enforcement. This type of propensity based argument is of course prohibited by Rule 404. *See* FRE 404. The government has provided no notice of its intent to admit this evidence under Rule 404(b); indeed, they could not. None of Rule 404(b)'s exceptions apply here.

*Third*, the evidence of alleged emotional abuse and threats are not "inextricably intertwined" with the crimes alleged. Ms. Spires's allegations are entirely separate from the alleged threats Mr. Day made against law enforcement and his alleged possession of firearms and a short-barreled shotgun. Indeed, they have no bearing whatsoever on those charges.

*Fourth*—and even assuming its relevance and that it could be admitted for a proper purpose—Ms. Spires's allegations should nonetheless still be excluded because they are highly inflammatory, more prejudicial than probative, unproven, based only on Ms. Spires's reports, and will distract the jury from the central issues in the case. *United States v. Preston*, 873 F.3d 829, 840 (9th Cir. 2017) ("Even where 404(b) evidence falls within a permitted purpose, it should be excluded . . . if the court finds that its probative value" is outweighed by competing concerns).

Allowing Ms. Spires to testify about their relationship risks further devolving this trial into a dispute about whether Ms. Spires's allegations were true—not whether Mr. Day threatened law enforcement officers or possessed a short-barreled rifle. Emotional abuse in domestic relationships is a highly charged issue, too, and allowing its admission here would further threaten Mr. Day's ability to receive a fair trial—in a trial where the government is already being permitted to introduce evidence about a triple homicide that occurred 8,000 miles away in a county Mr. Day had never been to. Allowing his ex-partner to testify about alleged problems in their relationship would only further tilt the scales against Mr. Day.

### III. CONCLUSION

1       For all these reasons, Mr. Day respectfully requests the Court preclude the
2 evidence from trial, as requested.

3       RESPECTFULLY SUBMITTED:    August 6, 2025

4                                JON M. SANDS
                                 Federal Public Defender

6                                *s/ Mark T. Rumold*
                               MARK T. RUMOLD
7                                Assistant Federal Public Defender